### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHIRLEY AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-1092-JWL |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's step four evaluation of Plaintiff's past relevant work, the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.     Background**

Plaintiff applied for both DIB and SSI on February 15, 2008, alleging disability beginning September 15, 2004. (R. 12, 78-79).[1] The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 12, 20-21, 64). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Linda L. Sybrant on March 17, 2010. (R. 12, 429). At the hearing, testimony was taken from Plaintiff and from a vocational expert. (R. 9, 429-45). On April 22, 2010 ALJ Sybrant issued a decision finding that Plaintiff is able to perform her past relevant work as a retail clerk, both as it was actually performed, and as

---

[1]The administrative record in this case is confusing and it was very difficult for the court to review the record or to find particular exhibits relevant to particular issues.

The court was unable to find an application for either DIB or SSI in the record. The "Application Summary for Disability Insurance Benefits" which the court eventually located in the record, is dated March 6, 2008, and has no signature. (R. 78-79). The decision states that Plaintiff applied for both DIB and SSI on February 15, 2008 and that in each application she alleged disability beginning September 15, 2004. (R. 12). Plaintiff's brief agrees with these findings. (Pl. Br. 2). Because Plaintiff does not object, the court accepts these findings. In his responsive brief, the Commissioner acknowledged that Plaintiff's SSI application is not in the administrative record, but did not suggest any justification for this deficiency. (Comm'r Br. 1).

The court notes that the Section A, Section B, and Section D exhibits are each identified in the "List of Exhibits" as but a single exhibit--C1A, C1B, C1D. (R. 1). However, although it is difficult for the court to identify where each A, B, and D exhibit ends and where the next exhibit begins, it is abundantly clear that each "exhibit"--C1A, C1B, and C1D--is actually comprised of multiple exhibits which the court is unable to identify without going through each "exhibit" and searching for information contained within those particular exhibits, each of which should have been identified in the index with a citation to the page(s) upon which that exhibit appears in the administrative record. D. Kan. Rule 7.6(b) ("The filing party must separately label any exhibits attached to motion brief or memoranda and file an index of such exhibits.").

Fortunately, the Commissioner separately identified each Section E and Section F exhibit. (R. 2-4).

it is generally performed.  (R. 12-19).  Consequently, the ALJ found that Plaintiff is not disabled within the meaning of the Act, and denied her applications.  (R. 19).

Plaintiff disagreed with the decision and sought, but was denied, Appeals Council review.  (R. 5-8, 426-28).  Therefore, the ALJ's decision is the final decision of the Commissioner.  (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  Plaintiff now seeks judicial review.  (Doc. 1).

## II. Legal Standard

The court's jurisdiction and review are guided by the Act.  Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)).  Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party.  It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion.  Wall, 561 F.3d at

1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920 (2010); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform her past relevant work; and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step

five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred at step two in failing to find her mental impairments severe; in assessment of RFC by improperly evaluating the treating source opinion of Dr. Harris and by providing both an inadequate credibility analysis and an inadequate narrative discussion; and at step four by failing to make the specific, on-the-record findings required by Social Security Ruling (SSR) 82-62 and case law.  The Commissioner argues that even if it was error not to find Plaintiff's mental impairment severe, the error was harmless because the ALJ found a severe combination of impairments; that the credibility finding was proper, and credibility findings are generally treated as binding on review; that the RFC assessment properly considered Dr. Harris's medical opinion and was supported by an adequate narrative discussion; and that the ALJ properly considered past relevant work at step four, and properly agreed with the vocational expert in finding that Plaintiff is able to perform her past relevant work.

The court finds that the ALJ failed to make the specific, on-the-record findings required by case law and by SSR 82-62, and therefore the case must be remanded for failure to apply the correct legal standard at step four.  Consequently, remand is necessary even if Plaintiff's remaining allegations of error are not correct.  Therefore, the court will

not address the remaining allegations, and instructs Plaintiff to make her arguments in that regard to the Commissioner on remand.

## III.   Step Four

Plaintiff argues that step four of the sequential evaluation process requires a three-phase inquiry to determine whether a claimant is able to return to past relevant work. (Pl. Br. 5) (citing SSR 82-62 and Henrie v. U. S. Dep't of HHS, 13 F.3d 359, 361 (10th Cir. 1993)). She argues that the ALJ must make specific, on-the-record findings regarding each phase: (1) the claimant's RFC; (2) the physical and mental demands of claimant's past relevant work; and (3) the claimant's ability to perform past relevant work given her RFC. (Pl. Br. 5) (citing Frantz v. Astrue, 509 F.3d 1299, 1303 (10th Cir. 2007); Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996)). She acknowledges that an ALJ may quote vocational expert (hereinafter VE) testimony with approval in support of her step four analysis, but argues that when the ALJ makes only the phase one RFC finding, "and the remainder of the step four assessment takes place in the VE's head, [the court is] left with nothing to review." (Pl. Br. 5-6) (citing Doyal v. Barnhart, 331 F.3d 758, 760-61 (10th Cir. 2003); and apparently quoting Winfrey, 92 F.3d at 1025) (brackets in plaintiff's brief).

Plaintiff claims the ALJ did not make specific, on-the-record findings regarding the physical and mental demands of Plaintiff's past relevant work or regarding Plaintiff's ability to perform that work, but merely accepted the VE's testimony and made the

conclusory findings that past work as a retail clerk did not require activities beyond Plaintiff's RFC, and that Plaintiff is able to perform that work both as she performed it and as it is generally performed. (Pl. Br. 6) (citing (R. 19)). The Commissioner argues that the ALJ's agreement in this case with the VE's testimony "would appear to meet the requirements of Doyal," and that Plaintiff does not point to demands of her past relevant work which she alleges the VE or the ALJ failed to consider. (Comm'r Br. 13). He argues that the ALJ's step four finding should be upheld. Id.

### A.     Standard for Evaluating Past Relevant Work at Step Four

At step four of the sequential evaluation process, an ALJ is required to make specific findings in three phases. Winfrey, 92 F.3d at 1023; accord, SSR 82-62, 1975-1982 West's Soc. Sec. Reporting Serv., Rulings 809, 813 (1983). In phase one, "the ALJ should first assess the nature and extent of [the claimant's] physical limitations." Winfrey, 92 F.3d at 1023. In phase two, the ALJ must "make findings regarding the physical and mental demands of the claimant's past relevant work." Winfrey, 92 F.3d at 1024. Finally, in phase three, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." Id., 92 F.3d at 1023. These findings are to be made on the record by the ALJ. Id. at 1025; see also, SSR 82-62, 1975-1982 West's Soc. Sec. Reporting Serv., Rulings, at 813 ("decision must contain . . . specific findings of fact" regarding each of the three phases).

The Tenth Circuit has explained that an ALJ may properly rely upon VE testimony in making his findings at phase two and phase three of step four.  Doyal, 331 F.3d at 761.  The ALJ may not delegate the step-four analysis to the VE.  He may, however, rely on information supplied by the VE regarding the demands of plaintiff's past relevant work and whether a person with plaintiff's RFC could meet those demands, and he may accept the VE's opinions.  Id., 331 F.3d at 761.  The critical distinction is whether the ALJ relied upon the VE testimony in making the findings or whether the ALJ delegated the phase two and phase three findings to the VE.  Id.  Where an ALJ makes the phase two and phase three findings and quotes the VE testimony approvingly in support of those findings, she has properly relied upon the VE testimony.  Id.

**B.    Analysis**

Here, the Commissioner argues that the requirements of Doyal have been met.  That the ALJ made the phase two and three findings and merely quoted the VE testimony approvingly in support of those findings.  The court disagrees.

At the hearing, the ALJ asked the VE, "what do we have by way of past work?" (R. 443).  As is relevant to the ALJ's step four findings, the VE responded that Plaintiff "worked for a long time [at] JCPenny as a cashier or a sales clerk or retail clerk, which is classified as light.  It's SVP [(specific vocational preparation level)] three, semi-skilled work."  Id.  The ALJ next sought the VE's opinion whether Plaintiff's past work could be performed by an individual with certain limitations.  She asked the VE to:

9

>assume an individual of the claimant's age, education, work history, assume the limitation of light exertional work with occasional overhead reaching and occasional pushing and pulling of the upper extremities. No repetitive hard grasping, occasional kneeling, crouching, crawling, stooping, and bending. With those limitations, is any past work available?

(R. 443). The VE responded, "The cashier job or the retail clerk would remain."

The ALJ's entire finding number six and discussion regarding past relevant work is quoted here:

>**The claimant is capable of performing past relevant work as a retail clerk. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**
>
>The vocational expert testified the claimant has past relevant work as a retail clerk, a light exertion job with an SVP of 3. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned agrees with the vocational expert and finds that the claimant is able to perform it as actually and generally performed.

(R. 19) (bold in original-finding no. 6).

As quoted above, the record reveals that the VE testified that Plaintiff's past relevant work as a retail clerk is classified within the light exertional level, is SVP 3, and is semi-skilled. (R. 443). Yet the VE said nothing regarding the myriad potential physical or mental demands of such work: What specific standing, sitting, walking, pushing or pulling requirements; what postural, manipulative, visual, communicative, or environmental requirements; or what understanding, memory, concentration, persistence, social interaction, or adaptation requirements were necessary to that work. Moreover, the

ALJ did not summarize Plaintiff's testimony or reports regarding the requirements of her past work as a retail clerk, and the ALJ did not even mention any inquiry or research she performed regarding the demands of such work. So far as the decision reveals, the only resource available for such information is the expertise of the VE. While information regarding such work, as Plaintiff performed it, is also contained in the record--within Plaintiff's testimony and Plaintiff's submissions--there is no mention or summary of that information in the decision.

The VE also opined that a person with the RFC limitations assessed for Plaintiff would be able to perform past work as a retail clerk. Yet, she did not explain how or why the requirements of such work could be met by a person with such limitations. In the decision, the ALJ implied that she had compared the RFC assessed with the demands of Plaintiff's past work, but there is simply no indication in the decision of how that comparison was accomplished beyond the statement that the ALJ "agrees with the vocational expert." So far as the decision reveals, although the ALJ made specific findings in each of the three phases, the phase two and phase three analysis all took place within the head of the VE. That is the very shortcoming condemned in <u>Winfrey</u> and <u>Doyal</u>.

The Commissioner's argument that this case meets the requirements of <u>Doyal</u> is belayed by that very decision. The <u>Doyal</u> opinion reveals that the VE in that case testified as to specific demands of past work, not just exertional level and SVP level. For

example, the <u>Doyal</u> court stated, "The vocational expert indicated that the claimant's past relevant work as a housecleaner and sewing machine operator did not require lifting more than 20 pounds, walking for prolonged periods, or performing tasks requiring bilateral normal grip strength." In this case, the ALJ did not discuss such specific demands of past relevant work, and the VE did not mention such demands with which the ALJ might properly agree. Remand is necessary for the Commissioner to perform a step four analysis in accordance with case law and with the requirements of SSR. 82-62.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 1st day of March 2012, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**